In re EPI PRODUCTS
USA, INC., Debtor.

James A. DUMAS, Jr., Chapter
7 Trustee, Plaintiff,

v.

RESEARCH TESTING LAB,
INC., Defendant.

Bankruptcy No. LA 90–23958 AG.
Adv. No. LA 93–01927 AG.

United States Bankruptcy Court,
C.D. California.

Dec. 13, 1993.

Jonathan B. Crane, Dumas & Associates, Los Angeles, CA, for plaintiff James A. Dumas, Jr., Chapter 7 Trustee.

Robert Fishman, Donna Gallarello, Cooper, Epstein & Hurewitz, Beverly Hills, CA, for defendant Research Testing Lab, Inc.

## MEMORANDUM OF DECISION

ARTHUR M. GREENWALD, Bankruptcy Judge.

### NATURE OF PROCEEDINGS

Chapter 7 Trustee, James A. Dumas, Jr. (the Trustee) filed a complaint against Research Testing Laboratories, Inc. (RTL), seeking to avoid and recover two allegedly preferential transfers pursuant to 11 U.S.C. § 547(b)[1] in the total amount of $52,225.00.

---

1. § 547(b) provides in pertinent part:

Preferences.

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before the transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enable such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

In response, RTL filed a motion to dismiss contending that the complaint fails to state a claim upon which relief can be granted. The matter was heard on October 6, 1993 and submitted.

## STATEMENT OF FACTS

On August 23, 1990, EPI Products USA, Inc. (the Debtor), filed a Chapter 11 Petition. The court's records reflect that the Debtor's Chapter 11 case was converted to one under Chapter 7 on November 4, 1991 and that Mr. Dumas was appointed the Chapter 7 Trustee on May 29, 1992.

On March 8, 1993, the Trustee filed a Complaint to Avoid Preferential Payments against RTL (Complaint) alleging that the Debtor transferred the total sum of $52,225.00 to RTL within ninety days preceding the initiation of the Chapter 11 bankruptcy case, and that these transfers constitute avoidable preferences.

In response, RTL filed the instant motion to dismiss alleging that the Complaint fails to state a claim upon which relief can be granted, as the statute of limitations for filing preference actions expired on August 23, 1992. RTL's motion is premised on the proposition that the statute of limitations prescribed in § 546(a) runs from the commencement of a Chapter 11 case, regardless of whether the case is subsequently converted to one under Chapter 7, and a trustee appointed. In opposition, the Trustee argues that § 546(a) provides a Chapter 7 trustee with a new two-year period to file a preference action under § 547(b).

## ISSUE PRESENTED

Whether the conversion of a Chapter 11 case to Chapter 7 and the appointment of a Chapter 7 trustee create a new two-year period of limitations under § 546(a) commencing from the appointment of the Chapter 7 trustee.

(C) such creditor received payment of such debt to the extent provided by the provisions of

## DECISION

1. In a Chapter 11 case, where a trustee is not appointed, the two year statute of limitations contained in § 546(a) commences when the Chapter 11 Petition is filed regardless of the subsequent conversion of the case to Chapter 7 and the appointment of a trustee. The Chapter 7 trustee's appointment does not start the running of a new two year period of limitations commencing from his appointment.

2. RTL's motion to dismiss the complaint is granted, as the two-year statute of limitations prescribed in § 546(a) expired on August 22, 1992, a date prior to the filing of the instant Complaint.

## DISCUSSION

### The Trustee's Complaint Fails To State A Claim Upon Which Relief Can Be Granted

Rule 7012, Fed.R.Bank.P., provides that Rules 12(b) through (h), Fed.R.Civ.P., are applicable in adversary proceedings. Rule 12(b)(6) provides that a pleader, by way of defense in the form of a motion, may assert in response to a claim for relief that the claim fails to state a claim upon which relief can be granted.

A complaint should not be dismissed unless it appears beyond doubt that the plaintiff cannot prove a set of facts in support of his claim that would entitle him to relief. *Conley v. Gelson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir.1990).

In acting on a motion to dismiss, the plaintiff's allegations must be assumed to be true, and the complaint must be construed in the light most favorable to the plaintiff. *United States v. City of Redwood City,* 640 F.2d 963, 966 (9th Cir.1981) (citing *California Dump Truck Owners Assn. v. Associated General Contractors of America,* 562 F.2d 607, 614 (9th Cir.1977); *McKinney v. DeBord,* 507 F.2d 501, 503 (9th Cir.1974)).

this title.

The Court of Appeals for the Ninth Circuit has recognized that the statute of limitations defense, though generally raised in a responsive pleading, may be raised in a motion to dismiss, if the running of the statute is apparent from the face of the complaint. *See Ledesma v. Jack Stewart Produce, Inc.*, 816 F.2d 482, 484, n. 1 (1987).

In its motion, RTL makes reference to the Trustee's Complaint filed on March 3, 1993 wherein the Trustee alleges that the Debtor's Chapter 11 Petition was filed on August 23, 1990, and the case converted on November 4, 1991 to a proceeding under Chapter 7 (Ref. paragraph 1).

RTL asserts that under § 546(a), the two year statute of limitations commenced to run on August 23, 1990, expiring two years later on August 23, 1992. As such, the Complaint is time barred and should be dismissed with prejudice.

The Trustee contends, however, that upon his appointment, a new two-year period of limitations began to run, making the Complaint in question timely.

Recently, the Court of Appeals for the Ninth Circuit, in the case of *In re San Joaquin Roast Beef*, 7 F.3d 1413 (1993), addressed the question of the running of the statute of limitations prescribed in § 546(a) where a debtor had filed a Chapter 11 Petition followed by the appointment of a Chapter 11 trustee. Thereafter, the case was converted to Chapter 7 and a Chapter 7 trustee appointed.

Determining that the statute of limitations under § 546 begins to run from the date the first trustee is appointed, and that all subsequent trustees are subject to the same time frame, the Court of Appeals stated, in pertinent part, as follows;

We agree with the FDIC that the most logical interpretation of section 546(a) is that the statute of limitations begins running from he date the first trustee is appointed and that all subsequent trustees are subject to the same statute of limitations. This result makes sense given the policy that underlies all statutes of limitations: prevention of the brings of overly stale claims. *See United States v. Kubrick*, 444 U.S. 111, 117[, 100 S.Ct. 352, 356–57, 62 L.Ed.2d 259] (1979); *Stuart v. Pingree (In re Afco Dev. Corp.)*, 65 B.R. 781, 785 (Bankr.D.Utah 1986).

Further, the Court of Appeals emphasized;

A plain reading of section 546(a) is that the two-year statute of limitations begins running from the date the first trustee is appointed and that all subsequent trustees are subject to the same two-year statute of limitations. In this case, then, the statute of limitations began running on the date the Chapter 11 trustee was appointed.

In its Decision, the Court of Appeals acknowledged that other courts have been persuaded that the statute of limitations begins anew following conversion and the appointment of a new trustee, recognizing that a Chapter 11 trustee's objectives may differ from those of a Chapter 7 trustee. However, the Court of Appeals declined to follow these cases, focusing rather on the plain reading of the statute. In this regard, the Court of Appeals stated in pertinent part;

Ford argues, however, that because trustees appointed under different chapters of the bankruptcy code have different objectives, the statute of limitations should begin running anew after the conversion of a case from one chapter to another and appointment of a new trustee. *See In re Afco Dev. Corp.*, 65 B.R. at 786. For example, he argues, the purpose of a Chapter 11 reorganization is the "salvage and rehabilitation of a financially distressed business, not necessarily ... [the] recover[y of] voidable transfers." *See id.* In contrast, he asserts, once a Chapter 11 proceeding is converted to a Chapter 7 liquidation proceeding, the trustee must maximize and protect the value of the debtor's estate.

This argument has some appeal. Given that the Chapter 11 trustee or debtor in possession must exercise considerable "discretion, judgment, diplomacy and creativity" to formulate and negotiate a plan of reorganization that the creditors will approve, it may be that filing an adversary proceeding to recover preferences might not be the best strategy in a Chapter 11 proceeding. *See id*, (Chapter 11 trustee

may not have to litigate preference actions in every case; they may be dealt with by offsetting the creditor's preference against the dividend paid under the plan, or they may be settled or abandoned). In contrast, a Chapter 7 trustee might take a more aggressive stance than a Chapter 11 trustee to try to recover more money for the debtor's estate. Given the extensive duties of a Chapter 7 trustee and the different objectives of different bankruptcy chapters, other courts have been persuaded that a Chapter 7 trustee should not be barred from exercising avoiding powers due to inaction by an earlier Chapter 11 trustee or debtor in possession. Thus, they have held that section 546(a)'s statute of limitations begins anew following conversion or a proceeding from one chapter to another and appointment of a new trustee. *See id. accord Amazing Enters v. Jobin (In re M & L Business Mach., Inc.),* 153 B.R. 308, 310–11 (Bankr.D.Colo.1993) (collecting cases); *Pongetti v. Lee (In re Bingham Sys., Inc.),* 139 B.R. 809, 812 (Bankr.N.D.Miss.1991) (collecting cases); *Nichols v. Wood (In re Wood),* 113 B.R. 253, 254–55 (Bankr.S.D.Miss.1990) (conversion of chapter 13 proceeding to Chapter 7 proceeding); *Zeisler v. Connecticut Bank & Trust Co. (In re Grambling),* 85 B.R. 675, 676–77 (Bankr.D.Conn.1988).

We are not persuaded. We decline to interpret section 546(a) to accommodate our views on whether a Chapter 7 trustee should be barred from exercising avoiding powers due to inaction by an earlier Chapter 11 trustee. Perhaps, as Ford argues, they should not be barred, or perhaps, as the FDIC argues, trustees exercise their avoiding powers in similar ways, regardless of the chapter they are appointed under. Either way, the issue is laden with policy considerations best left to Congress.

Despite the fact that in the instant case a trustee was not appointed prior to the conversion of the case to Chapter 7, this bankruptcy court concludes that the Ninth Circuit's Decision in the *San Joaquin Roast Beef* case, *supra,* has application to the instant case. In the case of *In re Softwaire International, Inc.,* 994 F.2d 682, 684, the Court of Appeals for the Ninth Circuit held that § 546(a) applies to debtors in possession, as well as trustees. In this regard, the Court of Appeals stated;

■ This is a question of first impression in this circuit. The only other circuit to have addressed the issue is the Tenth, which held that § 546(a) limits debtors in possession as well as trustees. *Zilkha Energy Co. v. Leighton,* 920 F.2d 1520, 1523–24 (10th Cir.1990). *Zilkha* construed § 546(a) in light of § 1107(a), which says that debtors in possession shall have the same powers and limitations as trustees. *Id. See* 11 U.S.C. 1107(a) (1988) ("Subject to any limitations on a trustee serving in a case under this chapter ... a debtor in possession shall have all the rights ... and powers, and shall perform all the functions and duties ... of a trustee serving in a case under this chapter.") *Zilkha* reasoned that "[w]e do not believe that Congress intended to limit actions filed by an appointed trustee to two years without making the same restriction apply to a debtor in possession who is the functional equivalent of an appointed trustee." *Zilkha,* 920 F.2d at 1524. Therefore, concluded *Zilkha,* "we construe § 546(a)(1) to apply to actions filed by a debtor in possession, and we believe the period of limitation begins to run from the date of the filing of a petition for reorganization under chapter 11." *Id.* (footnote omitted). (emphasis added).

We follow *Zilkha,* even though it has been criticized by a number of bankruptcy courts.[1] (footnote omitted).

■ Relying upon the determination made in the *San Joaquin Roast Beef* case, *supra,* that the conversion to a Chapter 7 proceeding does not create a new period of limitations prescribed under § 546(a), and relying upon the *Softwaire International, Inc.,* case, *supra,* holding that § 546(a) applies to debtors in possession and commences to run from the petition date, this bankruptcy court concludes that in the instant case the two-year statute of limitations prescribed in Section 546(a) commenced on the date of the filing of the original Chapter 11 Petition and terminated two years later on August 21, 1992. Contrary to the Trustee's contention,

the appointment of Mr. Dumas as the Chapter 7 Trustee and did not commence a new two year period of time.

## CONCLUSION

The record before this court reflects that the Trustee's claim is barred under § 546(a), as the Trustee cannot prove a set of facts in support of his claim that would entitle him to relief. Therefore, RTL's motion to dismiss the Complaint is granted with prejudice.