**In re IRFM, INC., Debtor.**

**Robert P. MOSIER, Trustee, Plaintiff–Appellant,**

v.

**KROGER COMPANY, Defendant–Appellee.**

No. 94–55235.

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 1995.*

Decided Sept. 12, 1995.

As Amended on Denial of Rehearing and Suggestion for Rehearing En Banc Nov. 27, 1995.**

---

\* The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34–4.

\*\* Judge O'Scannlain voted to reject the suggestion for rehearing en banc; Judges Farris and Tashima so recommend.

Michael G. Spector, Marshack & Goe, Santa Ana, CA, for plaintiff-appellant.

Roger A. Ferree, Arter & Hadden, Los Angeles, CA, for defendant-appellee.

Before: FARRIS and O'SCANNLAIN, Circuit Judges; TASHIMA,*** District Judge.

O'SCANNLAIN, Circuit Judge:

We must decide whether the statute of limitations under the pre-1994 version of the Bankruptcy Code begins running—for a Chapter 7 trustee to bring an avoidance action—from the time the bankruptcy petition is filed or from the time the trustee is appointed.

## I

The relevant dates in this case are as follows:

On July 22, 1988, IRFM, Inc. filed a Chapter 11 bankruptcy petition.

On October 3, 1989, the case was converted to a Chapter 7 bankruptcy.

On October 14, 1989, Robert Mosier was appointed as the Chapter 7 trustee.

On October 11, 1991, Mosier filed the complaint in this suit pursuant to 11 U.S.C. § 547 to recover $676,963.61 in allegedly preferential transfers from IRFM to Kroger Company.

The applicable statute of limitations for such actions is two years. 11 U.S.C. § 546(a). Measured from the date the Chapter 11 petition was filed, Mosier's suit was too late. Measured from the date of his appointment as Chapter 7 trustee, however, the suit was just in time.

The district court, reviewing an appeal from the bankruptcy court, held that Mosier's action was barred by the statute of limitations because it was not brought within two years after IRFM's Chapter 11 petition was filed. Mosier timely appealed.

## II

Mosier's action for recovery of preferential transfers was brought under 11 U.S.C. § 547, which is governed by the statute of limitations set forth in 11 U.S.C. § 546(a). At the time, section 546(a) provided in relevant part:

An action or proceeding under [section 547] of this title may not be commenced after the earlier of—

(1) two years after the appointment of a trustee under [section 702] of this title; or

(2) the time the case is closed or dismissed.

11 U.S.C. § 546(a).[1]

Mosier claims the statute of limitations began running anew at the time he was appointed Chapter 7 trustee and not, as the district court held, at the time the Chapter 11 petition was filed. The resolution of this issue is dictated by two Ninth Circuit cases interpreting section 546(a)—*In re San Joaquin Roast Beef*, 7 F.3d 1413 (9th Cir.1993),

***The Honorable A. Wallace Tashima, United States District Judge for the Central District of California, sitting by designation.

1. We deal here only with the version of 11 U.S.C. § 546(a) in effect at the time of the relevant events. In 1994, section 546(a) was amended as follows:

An action or proceeding under [§ 547] of this title may not be commenced after the earlier of—

(1) the later of—

(A) 2 years after the entry of the order for relief; or

(B) 1 year after the appointment or election of the first trustee under [§ 702] of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); or

(2) the time the case is closed or dismissed. Any ambiguity that existed in the statute has thus been resolved. The debtor-in-possession has two years from the entry of the order of relief to commence an avoidance action, and a trustee, if appointed in that two-year period, has one year from appointment to commence an avoidance action. In this case, the statute of limitations would have expired one year after Mosier's appointment.

and *In re Softwaire Centre International, Inc.*, 994 F.2d 682 (9th Cir.1993).

In *San Joaquin Roast Beef,* a Chapter 11 trustee had been appointed and was subsequently replaced by a Chapter 7 trustee after the bankruptcy was converted. We held that "the most logical interpretation of section 546(a) is that the statute of limitations begins running from the date the first trustee is appointed and that all subsequent trustees are subject to the same statute of limitations." 7 F.3d at 1415. We therefore concluded that "[t]he statute of limitations began running on the date the Chapter 11 trustee was appointed." *Id.* at 1416. *See also McCuskey v. Central Trailer Servs., Ltd.,* 37 F.3d 1329, 1332 (8th Cir.1994) ("[T]he two-year statute of limitations did not begin to run anew with the appointment of the chapter 7 trustee.").

■ The Chapter 7 trustee, like Mosier here, had argued that the conversion from Chapter 11 to Chapter 7 should start the statute of limitations running anew. As he pointed out, a Chapter 7 trustee has different objectives than a Chapter 11 trustee—while the latter has the goal of rehabilitating the debtor business, the former has the goal of liquidating the business at its maximum value.· As a result, a Chapter 7 trustee could be time-barred from instituting adversary actions due to the inaction of a prior Chapter 11 trustee. We declined to dabble in the field of bankruptcy policy, however. Instead, the court expressly rejected the trustee's arguments, stating that "[t]he issue is laden with policy considerations best left to Congress." *San Joaquin Roast Beef,* 7 F.3d at 1416.

This case is similar to *San Joaquin Roast Beef* except that IRFM served as a debtor-in-possession during its Chapter 11 status, and no Chapter 11 trustee was appointed. *San Joaquin Roast Beef* did not address the applicability of section 546(a)(1) to debtors-in-possession. The question is thus whether a Chapter 11 debtor-in-possession is treated differently than a Chapter 11 trustee for statute of limitations purposes. The second Ninth Circuit case answers this question.

In *Softwaire Centre,* a Chapter 11 debtor-in-possession filed an action seeking an avoidance more than two years after the Chapter 11 petition had been filed. We held that section 546(a)'s statute of limitations "was intended to apply to debtors in possession as well as trustees." 994 F.2d at 684. We adopted the reasoning of *Zilkha Energy Co. v. Leighton,* 920 F.2d 1520, 1523–24 (10th Cir.1990), which construed section 546(a) in light of section 1107(a) ("[A] debtor in possession shall have all the rights ... and powers, and shall perform all the functions and duties ... of a trustee."). In light of this language, we concluded that "[w]e do not believe that Congress intended to limit actions filed by an appointed trustee to two years without making the same restriction apply to a debtor in possession who is the functional equivalent of an appointed trustee." *Softwaire Centre,* 994 F.2d at 684. The statute of limitations therefore began to run "from the date of the filing of a petition for reorganization under Chapter 11." *Id.* at 683 (quoting *Zilkha,* 920 F.2d at 1524). *See also In re Century Brass Prods., Inc.,* 22 F.3d 37, 40 (2d Cir.1994) ("§ 546(a) applies to preference-avoidance actions brought by [debtors-in-possession] as well as to those brought by trustees."); *In re Coastal Group Inc.,* 13 F.3d 81, 84 (3d Cir.1994) (same).

■ The reasoning of *Softwaire Centre* and *San Joaquin Roast Beef* compels us to the conclusion that the statute of limitations began running in this case at the time the Chapter 11 petition was filed.[2] *Softwaire Centre* stands for the proposition that a Chapter 11 debtor-in-possession is "the functional equivalent of an appointed trustee," 994 F.2d at 684, and that the statute of limitations starts running from the date of the Chapter 11 petition. And, *San Joaquin*

---

2. A district court and a bankruptcy court in this circuit have reached the same conclusion, *see In re Sahuaro Petroleum & Asphalt Co.,* 170 B.R. 689, 692 (C.D.Cal.1994) ("[T]he § 546(a)(1) limitations period commenced on the [Chapter 11] petition date ..."); *In re EPI Prods. USA, Inc.,* 162 B.R. 1, 4–5 (Bkrtcy.C.D.Cal.1993) ("[T]he two-year statute of limitations prescribed in Section 546(a) commenced on the date of the filing of the original Chapter 11 Petition ... [T]he appointment of ... the Chapter 7 Trustee did not commence a new two year period of time."), while the Bankruptcy Appellate Panel has not, *see In re California Canners & Growers,* 175 B.R. 346, 348 (9th Cir. BAP 1994).

*Roast Beef* stands for the proposition that the statute of limitations does not start anew when there is a conversion to a Chapter 7 bankruptcy. Adding these two cases together, the statute of limitations in this case began running on July 22, 1988, the date IRFM filed its Chapter 11 bankruptcy petition. The fact that IRFM's petition was subsequently converted to a Chapter 7 bankruptcy, and a Chapter 7 trustee appointed, did not start the clock ticking anew.

AFFIRMED.