WALLACE, Chief Judge:
 

 John Steinbrugge appeals from a district court judgment in favor of John Mitchell, Inc. (Mitchell), a Chapter 11 bankruptcy trustee. Steinbrugge contends that Mitchell’s action was time barred under 11 U.S.C. § 546(a) because it was brought more than two years after the debtor’s Chapter 11 bankruptcy petition was filed. The district court had jurisdiction pursuant to 28 U.S.C. § 158(a). We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 158(d). We affirm.
 

 I
 

 On July 27, 1990, Daniel C. Hanna filed a petition for relief under Chapter 11 of the Bankruptcy Act. Three days later, on July 30, Mitchell was appointed as Trustee. Pursuant to 11 U.S.C. § 547(b), Mitchell filed on July 28, 1992, an action to recover some pre-petition transfers made by Hanna to Stein-brugge.
 

 After a trial, the bankruptcy court entered judgment in favor of Mitchell. Steinbrugge appealed to the district court, arguing that the limitations period for Mitchell’s action commenced on the date the bankruptcy petition was filed and therefore barred Mitchell’s suit. As all parties agree, the district court misapplied the mechanical rule for calculating the expiration date of the statute of limitations and affirmed the bankruptcy court. If the limitations period began when the Chapter 11 petition was filed, Mitchell’s action was filed one day late. If the limitations period commenced when Mitchell was appointed, then the action was timely. Stein-brugge argues that our recent decisions interpreting 11 U.S.C. § 546, the relevant statute of limitations provision, command us to hold that the period began upon filing.
 

 II
 

 When section 546’s statute of limitations begins to run is a question we review de novo.
 
 Ford v. Union Bank (In re San Joaquin Roast Beef),
 
 7 F.3d 1413, 1414 (9th Cir.1993)
 
 (San Joaquin Roast Beef).
 
 Interpretation of a statute must begin with the statute’s language.
 
 United States v. Ron Pair Enterprises,
 
 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989). We consider the language of a statute to be conclusive of its meaning except in the most extraordinary circumstances.
 
 Cowart v. Nielelos Drilling Co.,
 
 505 U.S. 469, 475, 112 S.Ct. 2589, 2594, 120 L.Ed.2d 379 (1992).
 

 Although Congress recently amended section 546 of the Bankruptcy Code, the new provision was not in effect during the relevant events. The pre-amended version controls this case, and provides in part:
 

 An action or proceeding under [section 547] of this title may not be commenced after the earlier of—
 

 (1) two years after the appointment of a trustee under section [1104] of this title; or
 

 (2) the time the case is closed or dismissed.
 

 If the statute’s language were our only guide, the case would be straightforward: Mitchell, a trustee appointed under section 1104 of the Bankruptcy Code, would have two years from its appointment in which to file a complaint to recover preferences. However, we are bound not only by the plain language of the statute, but by three prior decisions that together complicate matters somewhat.
 

 In
 
 Upgrade Corp. v. Government Technology Services (In re Softwaire Centre International),
 
 994 F.2d 682 (9th Cir.1993)
 
 (Softwaire
 
 Centre), we held that the limitations period in section 546(a) applies to a debtor in possession who attempts to bring an avoidance action more than two years after filing a bankruptcy petition.
 
 Id.
 
 at 682-83.
 
 Softwaire Centre,
 
 relying on the Tenth Circuit’s decision in
 
 Zilkha Energy Co. v. Leighton,
 
 920 F.2d 1520, 1523-24 (10th Cir.1990)
 
 (Zilkha),
 
 held that a debtor in possession is the “functional equivalent of an appointed trust
 
 *116
 
 ee,” and is therefore subject to a two-year limitations period, commencing at the time the petition is filed.
 
 Softwaire Centre,
 
 994 F.2d at 683,
 
 quoting Zilkha,
 
 920 F.2d at 1524. In neither
 
 Sojtwaire Centre
 
 nor
 
 Zilkha
 
 was a Chapter 11 trustee actually appointed. Notably,
 
 Zilkha
 
 took “no position on whether a subsequent appointment of a trustee in a chapter 11 case would change the analysis.”
 
 Zilkha,
 
 920 F.2d at 1524 n. 11 (citation omitted). We face the precise question left open in
 
 Zilkha.
 

 In
 
 San Joaquin Roast Beef,
 
 a Chapter 11 trustee was appointed on May 2, 1988, over nine months after the debtor in possession filed its bankruptcy petition. On May 30, 1989, the bankruptcy judge converted the proceeding from Chapter 11 to Chapter 7 and later appointed a Chapter 7 trustee. On May 3, 1990, the Chapter 7 trustee filed an adversary proceeding that was subject to the section 546(a) limitations period. We held that the limitations period begins running “from the date the first trustee is appointed and that all subsequent trustees are subject to the same statute of limitations.” 7 F.3d at 1415. Without mentioning
 
 Sojtwaire Centre
 
 or its implications, we held that the limitations period began on May 2, 1988, when the Chapter 11 trustee was appointed. Because the trustee’s action would have been barred regardless of whether we began counting on the date the Chapter 11 petition was filed or the date the Chapter 11 trustee was appointed, we had no reason in
 
 San Joaquin Roast Beef
 
 to resolve the issue left open in
 
 Zilkha
 
 and did not even cite
 
 Sojtwaire Centre.
 
 Mitchell argues that because it was the first appointed trustee, the limitations period commenced when it was appointed. Steinbrugge argues that
 
 Sojtwaire Centre
 
 makes the debtor in possession the first trustee, rendering Mitchell’s suit time barred.
 

 Steinbrugge further argues that his interpretation of
 
 San Joaquin Roast Beef
 
 and
 
 Softwaire Centre
 
 was adopted in
 
 Mosier v. Kroger Co. (In re IRFM, Inc.),
 
 65 F.3d 778 (9th Cir.1995)
 
 (IRFM).
 
 In
 
 IRFM,
 
 a Chapter 11 petition was filed on July 22,1988, and no Chapter 11 trustee was ever appointed. The case was converted to a Chapter 7 proceeding on October 3, 1989, and a Chapter 7 trustee was appointed on October 14, 1989. The trustee filed an action on October 11, 1991, less than two years after he was appointed, but more than two years after the Chapter 11 petition was filed. We reasoned in
 
 IRFM
 
 that:
 

 Sojtwaire Centre
 
 stands for the proposition that a Chapter 11 debtor-in-possession is “the functional equivalent of an appointed trustee,” and that the statute of limitations starts running from the date of the Chapter 11 petition. And,
 
 San Joaquin Roast Beef
 
 stands for the proposition that the statute of limitations does not start anew when there is a conversion to a Chapter 7 bankruptcy. Adding these two cases together, the statute of limitations in this case began running ... the date IRFM filed its Chapter 11 bankruptcy petition.
 

 Id.
 
 at 780-81 (citation omitted).
 

 Steinbrugge would have us apply
 
 IRFM
 
 to this case and hold that the limitations period began when the Chapter 11 petition was filed. He argues that because a debtor in possession is the “functional equivalent” of a trustee under
 
 Sojtwaire Centre
 
 and that because the limitations period begins upon- appointment of the first trustee under
 
 San Joaquin Roast Beef,
 
 Mitchell’s limitations period must begin when the petition was filed, which is when the debtor in possession was “appointed.”
 

 Steinbrugge’s interpretation of our three cases completely obliterates the plain language of section 546. The statute explicitly requires the limitations period to commence “two years after the appointment of a trustee under section [1104].” 11 U.S.C. § 546(a). Mitchell is an appointed Chapter 11 trustee and should have two full years in which to file an action. A debtor in possession, on the other hand, is not an appointed trustee.
 
 See
 
 11 U.S.C. § 1104 (a trustee is appointed to replace a debtor in possession);
 
 Sojtwaire Centre,
 
 994 F.2d at 683 (acknowledging that a trustee was never appointed). If, as Stein-brugge argues, the debtor in possession is always the first trustee, then in all Chapter 11 cases, the relevant triggering event would be the date on which the debtor filed the bankruptcy petition. The date on which a Chapter 11 trustee is actually appointed
 
 *117
 
 would be completely irrelevant when calculating the expiration of the limitations period. Steinbrugge’s interpretation of our three cases reads the “appointment of a trustee” language out of the statute.
 

 We read
 
 Softwaire Centre, San Joaquin Roast Beef, IRFM,
 
 and the language of section 546(a) together to hold that whenever a Chapter 11 trustee is actually appointed under section 1104, the rule in
 
 San Joaquin Roast Beef
 
 applies, so that “the two-year statute of limitations begins running from the date the first trustee [i.e., the Chapter 11 trustee] is appointed.” However, where no actual Chapter 11 trustee is ever appointed,
 
 Softwaire Centre
 
 and
 
 IRFM
 
 apply, and the debtor in possession is the functional equivalent of a Chapter 11 trustee.
 

 Therefore, under our cases and the pre-amended version of section 546, there are two distinct two-year limitations periods for avoidance actions subject to section 546(a). A debtor in possession gets two years from the date the case is filed. If a Chapter 11 trustee is actually appointed, the limitations period restarts and all trustees get two years from the date that Chapter 11 trustee was first appointed. If no Chapter 11 trustee is appointed, the limitations period expires two years after the date on which the petition was filed. This holding is consistent with decisions of the bankruptcy courts that have addressed the issue.
 
 See In re EPI Products,
 
 162 B.R. 1, 4 — 5 (Bankr.C.D.Cal.1993) (do not restart limitations period when a Chapter 7 trustee replaces debtor in possession);
 
 In re Sahuaro Petroleum & Asphalt Co.,
 
 170 B.R. 689, 692 (C.D.Cal.1994) (same);
 
 In re Allen Care Centers, Inc.,
 
 182 B.R. 49, 50 (D.Or.1995) (restart period when debtor in possession is replaced by first Chapter 11 trustee).
 

 We conclude that Mitchell, a Chapter 11 trustee appointed under section 1104, had a full two years from its date of appointment in which to file an action. Mitchell was appointed on July 30, 1990, and its action was timely filed on July 28, 1992.
 

 AFFIRMED.