89 F.3d 846
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re SAHUARO PETROLEUM & ASPHALT COMPANY, an Arizona
Corporation, Debtor.
David R. HABERBUSH, Chapter 7 Trustee, Plaintiff-Appellant,
v.
CLARK OIL & TRADING COMPANY; NIC, Inc.; GIC, Inc.; Paul
A. Novelly; Lawrence Altmansberger; Samuel R.
Goldstein, Defendants-Appellees.
 No. 94-56341.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 7, 1996.
Decided April 29, 1996.
 
 Before: CANBY, BOOCHEVER, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 David Haberbush, as the Chapter 7 trustee ("Trustee") for Sahuaro Petroleum & Asphalt Company ("Debtor"), interlocutorily appeals from the district court's reversal of the bankruptcy court's denial of a motion to dismiss filed by certain creditors ("Appellees"). Clark Oil & Trading Co. v. Haberbush (In re Sahuaro Petroleum & Asphalt Co.), 170 B.R. 689 (C.D.Cal.1994). We have jurisdiction under 28 U.S.C. § 1292(b), and we affirm the district court.
 
 
 3
 * Trustee's first argument on appeal is that the district court erred by concluding that the limitations period of 11 U.S.C. § 546(a)(1) began to run on the date Debtor filed its Chapter 11 petition rather than when Trustee was appointed. This issue has been foreclosed by recent Ninth Circuit case law. See John Mitchell, Inc. v. Steinbrugge (In re Hanna), 72 F.3d 114, 117 (9th Cir.1996); Mosier v. Kroger Co. (In re IRFM, Inc.), 65 F.3d 778, 780-81 (9th Cir.1995) (as amended); Ford v. Union Bank (In re San Joaquin Roast Beef), 7 F.3d 1413, 1415-16 (9th Cir.1993); Upgrade Corp. v. Government Tech. Servs. (In re Softwaire Centre Int'l), 994 F.2d 682, 683-84 (9th Cir.1993) (per curiam) (as amended).
 
 II
 
 4
 Trustee's second argument, raised for the first time on appeal, is that section 546(a)(1) should have been equitably tolled for the time Trustee needed to examine Debtor's records and investigate Appellees' activities to determine whether fraudulent transfers had taken place. As a general rule, we decline to consider arguments raised for the first time on appeal. Spurlock v. F.B.I., 69 F.3d 1010, 1017 (9th Cir.1995). This is not "an exceptional case in which review is necessary to prevent a miscarriage of justice or to preserve the integrity of the judicial process," nor is this a situation in which "a new issue ar[ose] because of a change in the law while an appeal [was] pending[.]" See id. Trustee argues, however, that review is appropriate because the "issue is purely one of law, [and] the necessary facts have been fully developed." See id.
 
 
 5
 Trustee's claim that it took nearly two years for the team of accountants and lawyers he hired to unravel Appellees' alleged misbehavior is not purely an issue of law. See Ernst & Young v. Matsumoto (In re United Ins. Mgt., Inc.), 14 F.3d 1380, 1385-86 (9th Cir.1994) (equitable tolling under section 546(a)(1) ordinarily requires factual determination of due diligence unless uncontroverted facts permit due diligence to be decided as matter of law).
 
 III
 
 6
 Trustee's final argument, also raised for the first time on appeal, is that the district court erred by dismissing claims VI and XIV, because neither one is subject to section 546(a)(1). For the reasons set forth in Part II, supra, we decline to reach the merits of this contention as well. Because we find no merit to any of Trustee's remaining arguments, the decision appealed from is
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not suitable for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3