TANNER, District Judge:
 

 On this appeal, we must decide whether an action to recover a $3.7 million preferential transfer made by DeLaurentiis Entertainment Group, Inc. (DEG) to Technicolor is timely filed under 11 U.S.C. § 546(a)(1)
 
 [1]
 
 of the Bankruptcy Code when brought by an estate within two years of the estate’s appointment, but more than two years after the commencement of the bankruptcy case.
 

 When § 546(s) statute of limitations begins to run is a question we review de novo.
 
 Ford v. Union Bank (In re San Joaquin Roast Beef),
 
 7 F.3d 1413, 1414 (9th Cir.1993).
 

 BACKGROUND
 

 On August 16, 1988, DeLaurentiis Entertainment Group (DEG) filed a Chapter 11 petition in bankruptcy court and continued to operate its affairs as debtor in possession. On May 3, 1990, the court entered an order confirming DEG’s plan of reorganization, which provided for the creation and appointment of a Creditor’s Committee to act as agent for the debtor’s estate under 11 U.S.C. § 1123(b)(3)(B) of the Bankruptcy Code. On August 30, 1991, the Liquidation Estate filed a recovery action under 11 U.S.C. § 547 against Technicolor in the bankruptcy court. The parties filed cross-motions for summary judgment. The bankruptcy court granted summary judgment in favor of the Estate, and denied Technicolor’s motion. Technicol- or timely appealed. The district court reversed the bankruptcy court and remanded with instructions to dismiss the complaint as time-barred. The Estate appeals. We have jurisdiction pursuant to 28 U.S.C. § 158(d), and we AFFIRM.
 

 DISCUSSION
 

 Appellant argues that where no Chapter 11 trustee is appointed, the limitations period commences upon the appointment of the nearest functional equivalent of such a trustee, which Appellant claims is the estate representative. Our recent cases indicate, however, that we should focus primarily on the language of the statute to determine whether an estate representative is a “trustee” within the meaning of § 546.
 

 In
 
 Upgrade Corp. v. Government Technology Servs. Inc. (In re Softwaire Centre Int'l, Inc.),
 
 994 F.2d 682 (9th Cir.1993), this court
 
 *1063
 
 considered the application of. § 546(a) to debtors in possession. Following the Tenth Circuit’s position in
 
 Zilkha Energy Co. v. Leighton,
 
 920 F.2d 1520, 1523-24 (10th Cir.1990), we held that a debtor in possession is “the functional equivalent of an appointed trustee” and is subject to a two-year limitations period commencing at the time the petition is filed.
 
 Id.
 
 at 683,
 
 quoting Zilkha,
 
 920 F.2d at 1524.
 
 [2]
 
 In neither case was a Chapter 11 trustee appointed. In
 
 San Joaquin Roast Beef,
 
 7 F.3d 1413 at 1415, a Chapter 11 trustee was appointed over nine months after the debtor in possession filed its bankruptcy petition; the case was later converted to Chapter 7, and the new trustee argued his appointment restarted the limitations period. We held that the statute of limitations runs from appointment of the first trastee, and applies to all subsequent trast-ees. Subsequently, in
 
 Mosier v. Kroger Co. (In re IRFM, Inc.)
 
 65 F.3d 778 (9th Cir.1995), we held that even when no Chapter 11 trustee had ever been appointed, conversion to Chapter 7 did not restart the statute of limitations.
 

 These cases, which involved trustees, did not indicate how the statute of limitations should apply to an estate representative. Appellant cites
 
 Iron-Oak Supply Corp. v. Nibco, Inc. (In re Iron Oak Supply Corp.),
 
 162 B.R. 301 (Bankr.E.D.Cal.1993) (en banc), for the proposition that an estate representative is the functional equivalent of a trustee.
 
 [3]
 
 More recently, however, this court and others have focused more on the language of the Bankruptcy Code than on whether a plaintiff is the functional equivalent of a trustee.
 

 In
 
 John Mitchell, Inc. v. Steinbrugge (In re Hanna),
 
 72 F.3d 114, 116 (9th Cir.1995), a Chapter 11 trustee brought an avoidance action more than two years after the debtor’s Chapter 11 bankruptcy petition was filed. The defendant argued that because the statute of limitations runs from appointment of the “first trustee,” and a debtor in possession was the “functional equivalent” of a trustee, the statute did not restart when the Chapter 11 trustee was appointed. We rejected this argument. Viewing our earlier precedents in light of §§ 546 and 1104, we held that although the statute of limitations begins to run when a debtor files his bankruptcy petition, it restarts when a Chapter 11 trustee is appointed.
 

 The Tenth Circuit used this approach in a case involving application of § 546 to an estate representative. In
 
 Starzynski v. Sequoia Forest Industries,
 
 72 F.3d 816, 820-21 (10th Cir.1995), the district court held that it was irrelevant whether an. estate representative is the functional equivalent of a trustee; rather, the issue is whether an estate representative is a trustee within the meaning of § 546(a). The Tenth Circuit held:
 

 There is no basis in the statutory language for restarting the two-year statute of limitations of § 546(a)(1) upon appointment of an estate representative under § 1123(b)(3) ... [Tjhe statutory language of §§ 546(a), 1107(a) and 1123(b)(3) provides no basis for concluding a non-trustee appointed as an agent representative under § 1123(b)(3) is a trustee within the meaning of § 546(a).
 

 We find the Tenth Circuit’s reasoning-persuasive. Section 1107(a) confers upon debtors in possession the rights, powers, and duties of trustees. 11 U.S.C. § 1107(a) (1988). The legislative history of § 1107 also places the debtor in possession in the shoes of the trustee.
 
 See
 
 S.Rep. No. 95-989, 95th Cong., 2nd Sess. 116 (1978),
 
 reprinted in
 
 1978 U.S.C.C.A.N. 5787, 5902 (emphasis added). Thus, § 546(a), read in conjunction with
 
 *1064
 
 § 1107(a), affords a debtor in possession two years from the filing of the bankruptcy petition to bring an avoidance action. Neither the plain language of § 546(a) nor the language of § 1104 conveys the same status on estate representatives.
 

 Hanna
 
 reads
 
 Softwaire Centre, San Joaquin Roast Beef,
 
 and
 
 IRFM
 
 in conjunction with § 546(a) to hold that if no Chapter 11 trustee is appointed, the limitations period expires two years from the bankruptcy filing,
 
 Hanna,
 
 72 F.3d at 117; but whenever a Chapter 11 trustee is actually appointed, the rule in
 
 San Joaquin Roast Beef
 
 applies, the statute of limitations restarts, and the trustee gets two years
 
 from
 
 appointment.
 
 Id.
 
 Thus, under the preamended version of § 546(a), two distinct statute of limitations periods exist for avoidance proceedings.
 

 Because we determine that an estate representative is not a trustee within the meaning of § 546(a), and because no Chapter 11 trustee was ever appointed, the statute of limitations in this case began running on August 16, 1988, the date DEG filed its Chapter 11 bankruptcy petition. The fact that DEG subsequently converted to a Chapter 7 bankruptcy does not start the clock ticking anew. Accordingly, the Liquidation Estate’s complaint is time-barred. The judgment of the district court is AFFIRMED,
 

 [1]
 

 . Section 546(a) was amended in 1994. This case involves the pre-1994 version, which provided:
 

 An action or proceeding under [section 547] of this title may not be commenced after the earlier of—
 

 (1) two years after the appointment of a trustee under [section 702] of this title; or
 

 (2) tire time the case is closed or dismissed. 11 U.S.C. § 546(a).
 

 [2]
 

 . The
 
 Zilkha
 
 court explained that the statute begins to run when the petition is filed “because the debtor becomes a debtor in possession on that date.”
 
 Zilkha,
 
 920 F.2d at 1524.
 

 [3]
 

 . In
 
 Iron-Oak,
 
 the bankruptcy court observed: Both the representative and the trustee are third parties possessed of duties and powers that are discrete and readily ascertainable in their essential properties. A representative's duties are prescribed by the plan specifying retention and enforcement of causes of action. A trustee's duties are prescribed by the bankruptcy code. Each exists in a Chapter 11 case by virtue of a specific court order — the order confirming a plan of reorganization and the order approving the appointment of a trustee. Their duties arc intended to be performed for the benefit of others. Their tenure is expected to be of limited duration.
 

 Iron-Oalc,
 
 162 B.R. at 309.