In the Matter of MISSION CARPET MILLS, INC., d/b/a Century Carpet Mills, Debtor.

RUSCH FACTOR DIVISION, BVA Credit Corporation, Appellant,

v.

Gary MILLER, Appellee.

Bankruptcy No. 80–1051—GKD.

United States Bankruptcy Appellate Panels, Ninth Circuit.

Submitted Jan. 22, 1981.

Decided March 2, 1981.

Hal L. Coskey, Coskey, Coskey & Boxer, Los Angeles, Cal., for appellant.

Jerome B. Smith, Stone & Wolfe, and Lawrence Bass, Gendel, Raskoff, Shapiro & Quittner, Los Angeles, Cal., for appellee.

Before KATZ, DAVIS and GEORGE, Bankruptcy Judges.

## OPINION

GEORGE, Bankruptcy Judge:

The instant appeal comes from a determination of Bankruptcy Judge Barry Russell, of the Central District of California, that a August 13, 1980 meeting of creditors called pursuant to Section 341(a) of the Code be reopened for the purpose of allowing one creditor, Avondale Mills, to file a new proof of claim and/or power of attorney with respect to the election of a trustee in the above-entitled Chapter 7 case. In so doing, Judge Russell noted that the intentions of Avondale at that time were unclear to the Court.

Plaintiff/Appellant has requested that the Panel 1) reverse Judge Russell's decision to reopen the Section 341(a) meeting which allowed Avondale to file a new proof of claim and/or a power of attorney, 2) remove the elected trustee, and 3) deem the alternate nominee to have been elected as trustee.

Upon review, we find that Judge Russell was justified in his decision to allow the reopening of the Debtor's Section 341(a) meeting for the purpose of allowing Avondale to file a final proof of claim and/or power of attorney and to thereby cast its vote for the permanent trustee.

## I. BACKGROUND

At the August 13, 1980 Section 341(a) meeting of creditors for Mission Carpet Mills, Inc., an election of trustee was properly requested and a sufficient number of creditors, with the requisite amount of claims, were present. The following claims were voted: For Gary Miller (the Interim Trustee)

| | |
|---|---|
| Warn Brothers, dba Crescent Truck Lines | $ 3,708.07 |
| Calspun Mills | 415,538.72 |
| Citizens and Southern Bank | 320,716.80 |
| California Carpet Finishing | 8,088.00 |
| Multitex Corp. of California | 43,785.00 |
| The Total Vote for Gary Miller | $791,836.59 |

For Carlyle Michelman (Alternate Nominee)

| | |
|---|---|
| National Services | $ 56,253.87 |
| Allied Chemical Fibers | 190,076.69 |
| Avondale Mills | 325,157.03 |
| Martin Processing | 100,785.66 |
| Rusch Factors | 79,160.24 |
| The Total Vote for Carlyle Michelman | $751,433.49 |

An issue was raised prior to the vote relating to Multitex's status as both a secured and unsecured creditor. The United States Trustee conducting the Section 341(a) meeting allowed Multitex to vote the unsecured portion of its claim. Subsequent litigation between Multitex and the Debtor's estate removed this issue from consideration in the instant appeal.

Avondale's representative, prior to the vote, filed a power of attorney, which was voted for the alternate trustee, Carlyle Michelman. After the vote was taken, the representative of Citizens and Southern Bank informed the United States Trustee that he had spoken with an officer of Avondale and that another power of attorney had been given to an entity known as A.C.I. The United States Trustee then certified the interim trustee, Gary Miller as permanent trustee. It was later determined that this second power of attorney went to the same representative as the first power of attorney. Because the exclusion of Avondale from the computation would not have affected the results, with Multitex included, no further inquiry was made at that time. However, Avondale's vote becomes critical with the exclusion of Multitex's vote.

At the time of the hearing on the Application for Resolution of Election Dispute before Judge Russell, Avondale's second power of attorney, the existence of which had been raised at the conclusion of the Debtor's Section 341(a) meeting, was shown to have been signed by a different corporate official giving authority to the same representative as the first power of attorney. Based on the arguments of counsel, the court below concluded that there was confusion regarding the claim of Avondale. To resolve that matter, the court voided all prior powers of attorney executed by Avondale and required Avondale to file a new power of attorney and to inform the United States Trustee, by affidavit, which candidate for trustee was to receive their vote.

## II.  ISSUE

The issue presented is, whether given this set of facts, Judge Russell was bound by the initial vote at the Section 341(a) meeting which, with the eventual exclusion of Multitex's vote, would have resulted in the election of Carlyle Michelman, the alternate trustee, as the permanent trustee.

## III.  DISCUSSION

At the time of the Section 341(a) meeting there was evidence of confusion relating to Avondale's power of attorney and vote in the election of a permanent trustee. The issue was not pursued as the outcome of the election, at that time, would not have been affected by a change in Avondale's vote.

Avondale is the second largest creditor of the debtor, Mission Carpet Mills, Inc., by virtue of its $325,157.03 claim. A creditor of such magnitude should not be ignored and should be allowed a reasonable opportunity to cast a vote based upon adequate information and knowledge.

Judge Russell, by reopening the Section 341(a) meeting for the limited purpose of allowing Avondale to present an informed choice, provided a reasonable opportunity for all sides to present their positions to Avondale and thereby eliminate any confusion Avondale may have had. Judge Russell, in reviewing the issue presented him, was not precluded from considering a variety of factors which would affect the expedient and orderly administration of the Debtor's affairs.

Pursuant to Section 105(a) of the Code, and in the exercise of the equitable powers granted him, Judge Russell had ample authority to support his actions in the present matter.

It should be noted that the qualifications of the interim trustee, Gary Miller, have not been questioned at any time during these proceedings.

## IV.  CONCLUSION

Given the facts as presented before the court, the Panel finds no authority which would preclude Judge Russell from reopening the Debtor's Section 341(a) meeting to allow Avondale the opportunity to file a new power of attorney and/or proof of claim.

Affirmed.