## In re CONCO BUILDING SUPPLIES, INC., Debtor.

### John J. KROH, Trustee, Plaintiff/Appellant,

v.

### T.R.M. MFG., Defendant/Appellee.

**BAP No. CC–88–1901 MoVJ.**

**Bankruptcy No. SA 82–04309 JB.**

**Adv. No. SA 86–0454 JB.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted on May 23, 1989.

Decided July 31, 1989.

William M. Burd, Santa Ana, Cal., for plaintiff/appellant.

Eric T. Smith, Santa Ana, Cal., for defendant/appellee.

## OPINION

Before MOOREMAN, VOLINN and JONES, Bankruptcy Judges.

MOOREMAN, Bankruptcy Judge:

This appeal arises from the bankruptcy court's dismissal of the appellant's complaint which sought to recover $20,000 as a preferential transfer pursuant to 11 U.S.C. § 547. The bankruptcy court concluded that the two-year time limitation for filing such actions had passed and, therefore, the complaint was untimely under § 546(a)(1). We reverse.

---

## FACTS

Although originally commenced as a Chapter 11 proceeding, the underlying bankruptcy case was converted to a Chapter 7 on February 23, 1984. Pursuant to § 341 and Bankruptcy Rule 2003, the meeting of creditors was noticed and scheduled to be held on April 9, 1984. At the April 9 meeting, however, neither the debtor's representative nor the debtor's counsel appeared and the meeting was continued to April 30, 1984.[1]

At the April 30, 1984 meeting, the debtor's representative was present and no opposition was voiced to Mr. Kroh acting as the Chapter 7 Trustee. The docket sheet reflects that Mr. Kroh's Notice of Appointment and Acceptance was entered on April 30, 1984.

On April 28, 1986, Mr. Kroh/appellant filed the underlying complaint against the appellee seeking to avoid an alleged preferential transfer in the amount of $20,000. The appellee answered the complaint and alleged as an affirmative defense that the "statute of limitations [had] run pursuant to 11 U.S.C. § 546(a)." At trial, the bankruptcy court determined that although the debtor had established three of the five elements of a preferential transfer, the complaint was "time-barred by the provisions of 11 U.S.C. § 546(a)."[2] More specifically, the bankruptcy court concluded that pursuant to § 702, the appellant became the "permanent trustee" on April 9, 1984, the first date set for the meeting of creditors. Accordingly, the court held that the "two (2) year statute of limitations" provided for in § 546(a)(1) had passed when the

1. The record reflects that numerous creditors meetings were scheduled for April 9, 1984 and that *prior to calling any of the cases*, Mr. Kroh (appellant), as "interim trustee" told all creditors present that they would have the opportunity to elect a different "permanent trustee" if they objected to Mr. Kroh handling the matter. When the instant bankruptcy case was eventually called, it was discovered that the debtor had not appeared and Mr. Kroh then continued the meeting to April 30, 1984. It is unclear from the record, however, whether any creditors in the underlying bankruptcy, appeared at the April 9, 1984 meeting.

complaint was filed April 28, 1986. From this order, the instant appeal followed.

## DISCUSSION

The issue presented by this appeal is when did the two year time limitation for preference actions begin to run which in turn requires a determination as to the date of appointment of a trustee under 11 U.S.C. § 702.[3] The facts in this appeal are essentially undisputed and accordingly, the determination of this issue involves a legal conclusion subject to *de novo* review. *E.g. In re Wenberg*, 94 B.R. 631 (9th Cir. BAP 1988); *Williams v. California 1st Bank*, 859 F.2d 664 (9th Cir.1988).

Section 546(a) of the bankruptcy code provides:

(a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—

(1) *two years after the appointment of a trustee under section 702*, 1104, 1163, 1302, or 1202 of this title; or

(2) the time the case is closed or dismissed.

11 U.S.C. § 546(a) (emphasis added).

Section 702 provides in the pertinent part:

(b) *At the meeting of creditors held under section 341* of this title, creditors may elect one person to serve as trustee in the case if election of a trustee is requested by creditors that may vote....

(d) If a trustee is not elected under this section, then the interim trustee shall serve as trustee in the case.

11 U.S.C. § 702 (emphasis added).

It is evident from reading § 546(a)(1) and § 702 that the two year time limitation

2. Although the appellant alleges in his brief that the bankruptcy court found that a preferential transfer in the amount of $20,000 had been made, the bankruptcy court's Findings of Fact and Conclusions of Law indicate that the preference elements of "insolvency" (§ 547(b)(3)), and "greater amount test" (§ 547(b)(5)), were specifically deleted from the court's findings. Accordingly, the issue of whether a preferential transfer did in fact occur has not been finally determined.

3. This Panel could find no case law specifically addressing this issue.

imposed by § 546(a)(1) does not begin to run until the election or qualification of a permanent trustee at the § 341 meeting of creditors. *In re Killian Construction Co.,* 24 B.R. 848 (Bankr.D.Idaho 1982).

In the instant case, the facts are undisputed that the initial § 341 meeting scheduled for April 9, 1984, was continued to April 30, 1984. In determining which date is controlling for purposes of the § 546(a)(1) two year time limitation, an important distinction may be made between the time limitation established for preference actions and that established for nondischargeability complaints. Although the determinative date for nondischargeability complaints runs from the *"first date set for the [§ 341] meeting of creditors"* (see Bankruptcy Rule 4007(c) (emphasis added)), for purposes of a preference action, § 702 refers to when the meeting of creditors is actually *"held."*

To determine when the actual § 341 meeting was "held," Bankruptcy Rule 2003(b)(1) provides a guideline as follows:

(1) *Meeting of Creditors.* The clerk shall preside at the meeting of creditors unless (1) the court designates a different person, or (2) the creditors who may vote for a trustee under § 702(a) of the Code and who hold a majority in amount of claims that vote designate a presiding officer.

. . . .

The business of the meeting *shall include the examination of the debtor under oath* and, in a chapter 7 liquidation case, may include the election of a trustee or of a creditors' committee.

. . . .

Bankruptcy Rule 2003(b)(1) (emphasis added). The mandatory language that the meeting "*shall* include the examination of the debtor," supports a conclusion that the actual meeting of the creditors was not "held" until the April 30, 1984 date when the debtor appeared for examination.

Additional support for the above determination can be found in § 343 which requires the debtor to appear at the § 341 meeting of creditors.[4] The legislative history to § 343 recognizes that "[t]he *purpose* of the examination is to enable creditors *and the trustee to determine if assets have improperly been disposed or concealed . . . .*" H.R.Rep. No. 95-595, 95th Cong., 1st Sess. 332 (1977); S.Rep. No. 95-989, 95th Cong., 2d Sess. 43 (1978), U.S. Code Cong. & Admin.News 1978, pp. 5787, 5829, 6288. Based on this recognized purpose, the § 546(a)(1) time limitation should not begin to run until the trustee has had the opportunity to examine the debtor to assist in determining whether preferential transfers have occurred.

The general notions of a continuance and the realities of the effect thereof, also support a conclusion that the § 341 meeting of creditors was not actually "held" until April 30, 1984. The notion of "keeping a meeting alive by successive continuances" is recognized as a common and important practice. 2 *Collier on Bankruptcy,* ¶ 341.02, 341-8 (15th ed. 1988). In the instant case, the record reflects that when it was discovered that the debtor had not appeared at the April 9, 1984 scheduled creditors' meeting, the meeting was automatically continued to April 30, 1984. Under such circumstances, it would be difficult to argue that creditors would not have been allowed to vote in a permanent trustee pursuant to § 702 at the April 30, 1984 meeting. Assuming creditors would have had the right to elect a trustee, it follows that Mr. Kroh/appellant remained the "interim trustee" until the April 30, 1984 date. Such a conclusion is also supported by *Matter of Mission Carpet Mills, Inc.,* 10 B.R. 494 (9th Cir. BAP 1981), wherein the Bankruptcy Appellate Panel affirmed the "*reopening* of the Section 341(a) meeting" to allow a creditor to vote on the election of a permanent trustee.

Finally, the fact that the docket sheet lists the Trustee's Notice of Appointment

---

**4.** 11 U.S.C. § 343 provides in the pertinent part: "The debtor *shall* appear and submit to examination under oath at the meeting of creditors under section 341(a) of this title. Creditors, any indenture trustee, any trustee or examiner in the case, or the United States trustee may examine the debtor.

and Acceptance as April 30, 1984, further supports that date as the date in which the appellant became the permanent trustee.

We therefore hold that the bankruptcy court's order dismissing the underlying complaint is reversed and the proceeding is remanded to allow the bankruptcy court to make a determination on all elements of a preferential transfer as set forth in § 547(b). *See supra* note 2.