In re Raymond KONG, Debtor.

In re Yee Nor KONG, Debtor.

Robert M. DAMIR, Plaintiff–Appellant,

v.

TRANS–PACIFIC NATIONAL BANK, a banking corporation, Defendant–Appellee.

Nos. C–95–3911 CAL, C–95–3912 CAL.

United States District Court, N.D. California.

May 7, 1996.

tion if setoff were denied. *See Hancock,* 137 B.R. at 841.

Robert L. Hughes, Timothy A. Colvig, Terri Ann Kim, Lempres & Wulfsberg, Oakland, CA, for Robert M. Damir.

Joseph N. Demko, David M. Wiseblood, Frandzel & Share, San Francisco, CA, for Trans–Pacific National Bank.

### ORDER AFFIRMING BANKRUPTCY COURT JUDGMENTS

LEGGE, District Judge.

This is a consolidated appeal from summary judgments granted by the Bankruptcy Court in an adversary proceeding in the above two bankruptcies.[1] The appeal was briefed, argued and submitted for decision. The court has reviewed the decisions of the Bankruptcy Court, the records on appeal, the briefs, the arguments of counsel, and the applicable authorities. This court affirms the judgments of the Bankruptcy Court.

1. The Bankruptcy Court's decision is Memorandum, December 16, 1994, in Adv. No. 94–3–150–

## I.

Appellant Robert Damir is the trustee of the bankruptcy estates of Mr. Raymond Kong and Mrs. Yee Nor Kong. Mr. Damir initiated an adversary proceeding in the Bankruptcy Court, seeking to avoid alleged preferential transfers made by the Kongs to the appellee Trans–Pacific National Bank (the "bank"). The action alleged two claims for relief. The first was to avoid alleged preferential transfers totaling approximately $1,000,000 made to the bank by the Kongs between ninety days and one year before the date of their bankruptcy petitions. One of the issues in that claim is whether the bank was an "insider." The second claim was to avoid an alleged preferential transfer payment of $5,000 made within ninety days of the filing of the bankruptcy petitions.

The bank moved for summary judgment. The Bankruptcy Court first ruled on the statute of limitations defense raised by the bank against both claims. The court held that the statute of limitations barred both of the claims by Yee Nor Kong, but not the claims by Raymond Kong. The Bankruptcy Court then considered the merits of Raymond Kong's claims. It ruled that the trustee had failed to demonstrate a genuine issue of material fact that the bank was an "insider" of the Kongs, for the purpose of enlarging the applicable preference period under Bankruptcy Code Section 547(b)(4)(B). The result was that the transfers made by the Kongs to the bank during the period between ninety days and one year prior to the petition date were not voidable. On the second claim by Raymond Kong, the Bankruptcy Court denied the bank's motion for summary judgment.

The trustee appeals from the decisions against Mr. and Mrs. Kong's estates.

## II.

The standard for this court's review of the Bankruptcy Court decisions is "clearly erroneous" on questions of fact, and *de novo* on questions of law. A grant of summary judgment is generally reviewed *de novo*.

T.C.

## III.

During 1990 and into 1991, the Kongs were indebted to the bank in excess of $1,000,000. The indebtedness resulted from overdrafts in the Kongs' demand checking accounts with the bank. The nature of those overdrafts is in dispute, but the court will assume for the trustee's benefit here that they involved check kiting operations of which the bank was aware. Starting in January 1991, the bank began pressuring the Kongs to cure the kites. Near the end of March 1991, the bank told Mrs. Kong that if they did not cure the kites, that she and the bank's officers might be arrested. Between March 28, 1991 and April 3, 1991, the Kongs deposited sufficient monies into their accounts at the bank to cover the overdrafts. All of the Kongs' accounts at the bank were closed on April 12, 1991.

Creditors of the Kongs filed involuntary Chapter 7 bankruptcy petitions against them on July 19, 1991. This was more than ninety days after the last date on which the Kongs cured their overdrafts with the bank. Mr. Damir was appointed the interim trustee of both debtors' estates on July 30, 1991.

## IV.

■ The Bankruptcy Court's summary judgment did not resolve all of the claims in the adversary proceeding between the trustee and the bank. The decisions were therefore interlocutory. Interlocutory decisions are not appealable of right, and an appellant is required to have leave to appeal. 28 U.S.C. § 158(a)(3); F.R.Bankr.P. 8003.

■ This court will exercise its discretion to hear this appeal. The appeal involves controlling issues of law. That is, (1) when the statue of limitations begins to run in a Chapter 7 proceeding when no permanent trustee is elected, and (2) the legal standard for the determination of insider status. Those issues affect not only this case but other proceedings involving these debtors. The issues are not well settled. Judicial decisions in both the Ninth Circuit and other circuits do not provide clear rules of law. And, judicial economy will be served by determining the issues raised in this appeal at this time. Decisions will materially advance the ultimate litigation.

The Bankruptcy Code contains a statute of limitations for preference actions. Until its amendment in 1994,[2] Section 546(a) provided that any such action must be filed within "two years after the appointment of a trustee under Section 702...."

■ In the context of the present case, the question is when the trustee was appointed under Section 702. An interim trustee under Section 701 is appointed by the United States Trustee promptly after the order for relief. But it was only the appointment of the permanent trustee under Section 702 that triggered the Section 546(a) statute of limitations in effect prior to 1994.

■ The creditors may elect the permanent trustee at the meeting of creditors. But if the creditors do not elect a permanent trustee, the interim trustee becomes the permanent trustee. 11 U.S.C. § 702(d). In this case, the creditors did not elect a permanent trustee, so the question became one of *when* the creditors "did not elect" the permanent trustee.

The Bankruptcy Court carefully analyzed the relevant cases on the issue in this circuit and around the United States. For cases in this circuit, see *In re Conco Building Supplies, Inc.*, 102 B.R. 190 (9th Cir. BAP 1989); *In re San Joaquin Roast Beef*, 7 F.3d 1413 (9th Cir.1993); *In re Softwaire Centre Int'l, Inc.*, 994 F.2d 682 (9th Cir.1993); *In re Sahuaro Petroleum & Asphalt Co.*, 170 B.R. 689 (C.D.Cal.1994). And for the decisions subsequent to the Bankruptcy Court's decision here, see *In re Hanna*, 72 F.3d 114 (9th Cir.1995) and *In re Lucas Dallas, Inc.*, 185 B.R. 801 (9th Cir. BAP 1995). The Bankruptcy Court concluded that the interim trustee should be deemed to be the Section 702 permanent trustee on the first date set for the meeting of creditors, unless within a reasonable period of time thereafter the creditors elected a permanent trustee (which did not occur in this case). This court agrees with and affirms that legal conclusion

---

**2.** The amendment is not applicable to this action.

reached by the Bankruptcy Court, for the reasons set forth on pages 3–9 of the Bankruptcy Court's Memorandum decision.

■ In the Yee Nor Kong case, the Bankruptcy Court concluded that the first-date-set rule would result in an accrual date of September 30, 1991. The Section 546(a) statute of limitations would then have expired on September 30, 1993, and the adversary action was not filed by Mrs. Kong's trustee until March 1994. The first date set in the Raymond Kong case was March 20, 1992, so his trustee's action filed on March 18, 1994 was within the two-year period.

This court agrees with the analysis and decisions of the Bankruptcy Court.[3] The court concludes that the action by Yee Nor Kong is barred by the statute of limitations, but the action by Raymond Kong is not barred.

## V.

As stated, the Bankruptcy Court granted summary judgment to the bank on Raymond Kong's first claim, on the ground the trustee had failed to demonstrate a genuine issue of material fact that the bank was an insider.

■ A trustee may avoid transfers made by a debtor if they constitute preference payments under Section 547(b) of the Bankruptcy Code. As noted, the transfers at issue here occurred more than ninety days prior to the filing of the bankruptcy petition. Section 547(b)(4)(B) provides that transfers between ninety days and one year before the filing of the petition may be set aside only if the creditor "at the time of such transfer was an insider."

■ The Bankruptcy Code includes a partial enumeration of the term "insider" in Section 101(31)(A). There is no dispute that the bank is not within that enumeration. However, the code says the term "insider" *includes* that defined enumeration. And the word "includes" indicates the term "insider" is *not limited to* those enumerations.

■ A creditor can also be an insider of the debtor if the creditor had sufficient influence or control over the debtor's operations. That control must be more than that attendant to the usual financial control inherent in a debtor-creditor relationship. The test has been variously defined by the decided cases, which have necessarily dealt with the specific facts before them. *See In re Friedman,* 126 .B.R. 63, 69–70 (9th Cir. BAP 1991); *In re Schuman,* 81 B.R. 583, 586 (9th Cir. BAP 1987); *In re Anderson,* 165 B.R. 482 (Bankr. D.Ore.1994); *In re Standard Stores, Inc.,* 124 B.R. 318 (Bankr.C.D.Cal.1991); *In re Henderson,* 96 B.R. 820, 825–26 (Bankr. E.D.Tenn.1989); *In re Huizar,* 71 B.R. 826 (Bankr.W.D.Tex.1987); *In re Hartley,* 52 B.R. 679 (Bankr.N.D.Ohio 1985); *In re Schick Oil & Gas, Inc.,* 35 B.R. 282 (Bankr. W.D.Okla.1983). What the courts have examined under the facts of each case has been the nature of the relationship between the debtor and the creditor, and whether that relationship, defined in terms of control or undue influence, gave the creditor the power to have its debts repaid. But the cases agree that *the relationship and power must be more than* the debtor-creditor relationship itself.

The finding of an "insider" is generally a question of fact, and it is one on which the trustee bears the burden of proof. 11 U.S.C. § 547(g). However, the issue can in appropriate cases be resolved by summary judgment. In reference to the bank's summary judgment motion, the trustee had to produce evidence sufficient to meet the shifting burdens defined in *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

■ The trustee's evidence does not sustain his burden of proof. The most that he has shown are the following facts: The bank was of course the Kongs' commercial bank. Two officers of the bank had known the Kongs since 1984. The Kongs had a substantial overdraft at the bank, as a result of their check kiting, and this court will assume that the bank knew that the overdraft result-

---

**3.** Parenthetically, that decision is also *similar* to Congress' 1994 amendment to Section 546(a). Although that amendment does not apply to this case, it would impose an earlier accrual date than the trustee seeks here.

ed from check kites. And the bank put almost daily pressure on Mrs. Kong to cover the overdraft, including threats of criminal prosecution.

This court has conducted a *de novo* review of the evidence before the Bankruptcy Court, and some evidence submitted by the trustee which may not have been before the Bankruptcy Court. However, that evidence does not establish sufficient control to render the· bank an insider of the Kongs. All of the pressure which the bank exerted on the Kongs was in connection with its debtor-creditor relationship. The bank had no authority to make business decisions for the Kongs or even help them do so. While the bank clearly imposed pressure on the Kongs, including threatening criminal prosecution, it did so solely in its role as their creditor.

This Court concludes that the Bankruptcy Court was correct in finding, by the standard of Rule 56 of the F.R.C.P., that the trustee had not demonstrated a genuine issue of material fact. The trustee's first claim therefore failed, and the Bankruptcy Court's decision in that regard is AFFIRMED.

### VII.

■■■■ The trustee also argues that the Bankruptcy Court should have granted the trustee a continuation for further discovery before ruling on the bank's motion.[4] The request for a continuance of a summary judgment motion, in order for the opposing party to conduct discovery, is measured by the standard of Rule 56(f). The party seeking the continuance must state by affidavit why he is unable to present the required opposing material, what facts he hopes to discover, and that the evidence which he seeks exists. The Bankruptcy Court's decision in that regard is within its discretion, and this court can review that decision only for an abuse of the discretion.

■■■■ The trustee's request for a continuance did not meet the required standard. It was contained only on page 23 of the trustee's opposition to the summary judgment motion on the merits. It was only a general

statement and merely said that additional discovery would "corroborate Mrs. Kong's testimony." The Bankruptcy Court had before it the testimony of Mrs. Kong in her Section 2004 examination, and it is questionable whether mere corroboration would have been helpful to the Bankruptcy Court in its determination of the summary judgment motion. For purposes of this appeal, this court will assume that the testimony of the bank officers would have corroborated Mrs. Kong. But that would not have altered the known facts discussed above or changed the result.

The trustee's request did not meet the specificity required by the standard of Rule 56(f), and the Bankruptcy Court did not abuse its discretion by deciding the motion on the record before it.

### VIII.

For the reasons discussed above, the decisions of the Bankruptcy Court are AFFIRMED. The judgment in favor of the bank on all claims brought against it by Yee Nor Kong is AFFIRMED. The judgment in favor of defendant on the first claim for relief by Raymond Kong is AFFIRMED. The Bankruptcy Court was also correct in its denial of judgment in favor of defendant on the second claim for relief brought by Raymond Kong.

**IT IS SO ORDERED.**

■■■■■■■■■■■■■■■■■■■■■■■

---

4. This court notes that it is not clear from the record if or when the Bankruptcy Court made ⋅ this ruling. But the court will assume for the trustee's benefit that there was such a denial.