**In re Karen Louise DEMKO, Debtor.**

**James R. Walsh, Trustee Plaintiff,**

v.

**Kenneth H. Dutil, Defendant.**

**Bankruptcy No. 00–25856–BM.
Adversary No. 00–2497–BM.**

United States Bankruptcy Court,
W.D. Pennsylvania.

July 19, 2001.

James R. Walsh, Johnstown, PA, Chapter 7 Trustee.

Paul W. Johnson, New Castle, PA, for Defendant.

### MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

The chapter 7 trustee has brought this preference action seeking to avoid and to recover a $4,000 transfer debtor Karen Louise Demko made to defendant Kenneth Dutil as partial satisfaction of a pre-petition debt she owed to defendant.

Defendant denies that he was an "insider" for purposes of § 547(b)(4) and maintains that the chapter 7 trustee therefore may not avoid and recover the transfer as a preference because it occurred more than ninety days before debtor filed her chapter 7 bankruptcy petition.

We conclude that defendant was an "insider" for purposes of § 547(b)(4)(B) and consequently will enter a judgment in the amount of $4,000 in favor of the chapter 7 trustee and against defendant.

### — FACTS —

Debtor and defendant, both of whom are adult individuals, began cohabiting in July of 1996.

They shared household expenses once they started living together. Although they had separate checking accounts, each was authorized to write checks drawn on the other's account.

At some unspecified time after they began cohabiting, defendant loaned the sum of $12,000 to debtor to help debtor start her own stone engraving business. Defendant did not require debtor to execute a promissory note in his favor in connection with the loan because defendant "trusted" her to repay it. Debtor made occasional payments to defendant in connection with the loan and had reduced the outstanding balance to $6,8000 by November of 1999.

Debtor co-signed a promissory note in 1998 so that defendant's niece, who was "like a daughter" to debtor, could purchase a truck for hauling horses.

Debtor purchased a truck for defendant in 1999 which cost at least $24,000. Although the vehicle was titled in debtor's name, she never drove it. Defendant, who at the time had insufficient credit to buy the truck, drove and had possession of the vehicle at all times relevant hereto. He effectively had an equitable interest in it.

Debtor sold her business to a third party on November 12, 1999, for $8,000. She transferred the sum of $4,000 to defendant that same day to pay down the debt arising out of the above loan to her by defendant. Debtor kept the remaining $4,000 for herself and used none of the sale proceeds to pay her other creditors.

Debtor also moved out on November 12, 1999, and, at the suggestion of a girlfriend, relocated to a nearby county to find a job.

At defendant's urging, debtor moved back in with defendant in April of 2000. To date, they still live together.

On July 28, 2000, more than seven months after she had transferred the above $4,000 to defendant, debtor filed a voluntary chapter 7 petition. A chapter 7 trustee was appointed shortly thereafter. The bankruptcy schedules, which do not identify debtor as having a claim, list assets with a declared total value in the amount of $27,985 and liabilities totaling $54,426.13.

The chapter 7 trustee brought the above adversary action against defendant on September 27, 2000, seeking to avoid as a preference and to recover the above $4,000 payment debtor made to defendant. The matter was tried on June 28, 2001, at which times the parties were given an opportunity to present evidence on the issues in the case.

## — DISCUSSION —

Section 547 of the Bankruptcy Code provides as follows:

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before the transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between 90 days and one year before the filing of the petition, if such creditor at the time of the transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b).

■ A debtor is presumed to be insolvent on and during the ninety-day period immediately preceding the filing of the bankruptcy petition. 11 U.S.C. § 547(f). The trustee has the burden of proving the avoidability of a preference. 11 U.S.C. § 547(g). This the trustee must do by a preponderance of the evidence. *Lawson v. Ford Motor Company (In re Roblin Industries, Inc.)*, 78 F.3d 30, 34 (2d Cir. 1996).

■ Subsection 547(b) serves two purposes. It discourages creditors from racing to the courthouse to dismember a debtor during the debtor's descent into bankruptcy. It also facilitates the overarching bankruptcy policy of equality of distribution among creditors by requiring a creditor that has received a greater payment than others of the class of which the creditor is a member to disgorge so that all members of the class may share equally on a *pro rata* basis. The second of these purposes is the more important. *Union Bank v. Wolas*, 502 U.S. 151, 160–61, 112 S.Ct. 527, 532–33, 116 L.Ed.2d 514 (1991).

Any transfer that is avoided under § 547(b) is preserved for the benefit of the bankruptcy estate. 11 U.S.C. § 551. To the extent that a transfer is avoidable as a preference, the chapter 7 trustee may recover the property transferred or, if the court so orders, the value of such property. 11 U.S.C. § 550(a)(1).

Defendant concedes that §§ 547(b)(1), (2), (3), and (5) are satisfied in this case. He concedes, in other words, that a transfer of debtor's interest in property occurred when debtor turned over to defendant $4,000 of the proceeds realized from the sale of her business; that the transfer was for or on account of an antecedent debt owed by debtor; that debtor was insolvent when the transfer occurred; and that defendant received more as a result of the transfer than he would receive if distribution to him were made in accordance with the requirements of chapter 7 of the Bankruptcy Code.

The transfer from debtor to defendant took place slightly less than eight months before debtor filed her bankruptcy petition. As a consequence, the chapter 7 trustee must establish that defendant was an "insider" for purposes of § 547(b)(4)(B) when the transfer occurred if he is to prevail in this case.

The Bankruptcy Code provides as follows:

(31) "insider" includes—

(A) if the debtor is an individual—

(i) relative of the debtor or of a general partner of the debtor;

(ii) partnership in which the debtor is a general partner;

(iii) general partner of the debtor; and

(iv) corporation of which the debtor is a director, officer, or person in control.

11 U.S.C. § 101(31).

Defendant denies that he was an "insider" for purposes of § 547(b)(4)(B) when the transfer took place on November 12, 1999. According to defendant, none of the above applied to him when the relevant transfer took place on November 12, 1999. His insistence that he was not an "insider" at that time because none of the above applies to him is without merit.

■■■ To begin with, it does necessarily follow that a creditor is not an insider of an individual debtor if none of the above subparts of § 101(31)(A) applies to the creditor. When it appears in the Bankruptcy Code, the word "includes" is not exhaustive. 11 U.S.C. § 102(3). That is to say, a person or entity other than those specifically enumerated at § 101(31) may nonetheless qualify as an "insider" with respect to a debtor in bankruptcy.

■■■ Any person or entity whose relationship with the debtor is sufficiently close so as to subject the relationship to careful scrutiny may qualify as an "insider". *Butler v. David Shaw, Inc.*, 72 F.3d 437, 443 (4th Cir.1996).

■■■ The true test of "insider" status is whether one's dealings with the debtor cannot accurately be characterized as arm's-length. *In re Craig Systems Corpo-* *ration*, 244 B.R. 529, 539 (Bankr.D.Mass. 2000). The emphasis is on the nature of the relationship between debtor and the other person, especially on whether their relationship gave the other person the power or influence to have a debt owed to it repaid. The relationship must involve something more than a mere debtor-creditor relationship. *In re Kong*, 196 B.R. 167, 171 (N.D.Cal.1996). Such an inquiry is fact-intensive and can be made only on a case-by-case basis. *In re ABC Electric Services, Inc.*, 190 B.R. 672, 675 (Bankr. M.D.Fla.1995).

■■■ Evidence presented at trial leads us to conclude that defendant was an "insider" with respect to debtor when, on November 12, 1999, she turned over to defendant $4,000 of the proceeds debtor realized from the sale of her business. Their relationship was far more than a debtor-creditor relationship. As a consequence, the transaction at issue here was not arm's-length and therefore is subject to close scrutiny.

Debtor and defendant had a personal relationship in that they had cohabited for more than four years when the transaction occurred on November 12, 1999. At some undisclosed time after they began cohabiting, defendant loaned debtor the sum of $12,000 to help debtor start up a business of her own. Debtor did not execute a promissory note in connection with the loan. Moreover, no collateral was involved to secure repayment of the debt. Defendant stated that he "trusted" debtor to repay the loan.

There is additional evidence that theirs was far more than a mere debtor-creditor relationship. For instance, although they had separate checking accounts, each had authority to write checks drawn on the other's account. Moreover, debtor willingly incurred a debt of at least $24,000 in

1999 to buy a truck for defendant which defendant lacked the credit to buy for himself. Debtor also co-signed a note so that defendant's niece could buy a truck for hauling horses.

Defendant makes much of the fact that, on the same day that debtor transferred $4,000 to him, she also moved out of the house. From this defendant apparently would have us infer that he was not an "insider" at the time of the transfer for purposes of § 547(b)(4)(B).

This is not persuasive. There is no credible evidence that debtor and defendant were "no longer a couple" by then. Debtor herself testified that she moved away to find work. Moreover, she moved back in with defendant approximately five months later when she was not able to find decent employment elsewhere.

Finally, if they were "no longer a couple" by then and theirs was simply a debtor-creditor relationship, we are left to wonder why debtor favored defendant over all of her other creditors by paying only defendant with the proceeds from the sale of debtor's business. Her obligation to pay her other creditors was no less binding than was her obligation to pay defendant.

We conclude in light of the foregoing that defendant was an "insider" of debtor for purposes of § 547(b)(4)(B) on November 12, 1999, and that the transfer of $4,000 to him by debtor at that time is an avoidable preference.

An appropriate order shall issue.

### ORDER OF COURT

**AND NOW** this 19th day of **July**, 2001, in accordance with the foregoing memorandum opinion, it hereby is **ORDERED, ADJUDGED,** and **DECREED** that the payment of $4,000.00 by debtor Karen Louise Demko to defendant Kenneth H. Dutil on November 12, 1999, is an **AVOID-**

**ABLE PREFERENCE.** Judgment in the amount of **$4,000.00** hereby is entered in favor of plaintiff James R. Walsh, Esq., Chapter 7 Trustee, and against defendant Kenneth H. Dutil.

It is **SO ORDERED**.