**In the Matter of Geena
PHONGSAVATH,
Debtor.**

**Neil C. Gordon, Chapter 7 Trustee for
the Estate of Geena Phongsavath,
Plaintiff**

**v.**

**Souksavanh Vongsamphanh,
Defendant.**

**Bankruptcy No. A03–67849–PWB.
Adversary No. 04–6529.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Aug. 5, 2005.

**896**

Wynn Pelham, Wynn Pelham, PC, Lawrenceville, GA, for Debtor.

Michael F. Holbein, Arnall Golden Gregory LLC, Atlanta, GA, for Plaintiff.

### *ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT*

PAUL W. BONAPFEL, Bankruptcy Judge.

The Chapter 7 Trustee requests entry of summary judgment on his claim that the transfer of Debtor's interest in a 1997 Mercedes S420 to the Defendant is avoidable and recoverable for the estate pursuant to 11 U.S.C. §§ 547(b) and 550. Because there is a dispute of fact as to whether the Defendant is an insider for purposes of § 547(b)(4)(B), the Trustee's motion for summary judgment is denied.

The following facts are not disputed. Debtor filed her chapter 7 bankruptcy petition on June 3, 2003. About five months earlier, the Debtor, while insolvent, transferred her undivided interest in the unencumbered Mercedes to the Defendant in repayment of $17,000 in loans made by the Defendant to the Debtor over an extended period of time; approximately five months later, the Defendant sold it for $16,000. The transfer was on account of an antecedent debt, and it enabled the Defendant to receive more than he otherwise would receive in a chapter 7 case if the transfer had not been made.

Because the transfer was not made within 90 days of the filing of the bankruptcy petition, the Trustee must establish that the Defendant is an "insider" of the Debtor in order to recover the transfer under § 547(b). All other elements of a preference having been shown, the only issue before the Court is whether the Defendant is an "insider."

■ The term "insider," if the debtor is an individual, includes a relative of the debtor; a partnership in which the debtor is a general partner; a general partner of the debtor; or a corporation of which the debtor is a director, officer, or person in control. 11 U.S.C. § 101(31)(A). The term "includes" is not limiting. § 102(3). The trustee has the burden of proving the avoidability of a transfer under § 547(b). § 547(g).

The Defendant does not fall within one of the enumerated categories of "insider," but the Trustee contends that the Defendant is an insider for purposes of § 547(b) because the Debtor was a friend and housemate of the Defendant and his family. Further, the Trustee argues that the Defendant made undocumented loans while the Defendant was aware of the Debtor's financial problems, and that the Debtor almost completely repaid a $17,000 debt. Arguing that these facts evidence the Debtor's clear desire to treat the De-

fendant differently than the holders of other unsecured claims, the Trustee concludes that the Defendant should be considered an insider.

The Defendant has not filed a response to the motion for summary judgment, but his *pro se* answer to the Complaint contains the following description of his relationship with the Debtor:

> [T]he Debtor and I were friends and my family [sic]. We were housemates for about 3 years. She was getting a divorce with no one else or nowhere to go and no money. My wife allowed her to live with us free of rent/board and utilities with the promise that when she got on her feet she would repay us. Over the period of those years and after I gave her cash loans. Everything all accumulated to over seventeen thousand.... I needed my money back from her. She didn't have the cash, so she gave me the car.

■ The legislative history of § 101(31) explains that an "insider" is "one who has a sufficiently close relationship with the debtor that his conduct is made subject to lower scrutiny than those dealing at arms [sic] length with the debtor." S.Rep. No. 95–989, at 25, *reprinted in* 1978 U.S.C.C.A.N. 5787, 5810. For an entity not specifically enumerated in § 101(31) to qualify as an insider, "[t]he transferee's relationship to the debtor must be very closely analogous to those relationships specifically set forth in § 101(31)." *Yoppolo v. Lindecamp (In re Fox)*, 277 B.R. 740, 744 (Bankr.N.D.Ohio 2002). In determining whether a trustee has met the "very high standard" of proving insider status, courts have focused on the closeness of the relationship between the debtor and the creditor and whether the transactions between them were conducted at arm's length. *Matson v. Strickland (In re Strickland)*, 230 B.R. 276, 285–286 (Bankr.

E.D.Va.1999); *see, e.g., Damir v. Trans-Pacific Nat. Bank (In re Kong)*, 196 B.R. 167, 171 (N.D.Cal.1996) (In order to determine whether a creditor has "insider" status for purposes of § 547(b), courts examine "the nature of the relationship between the debtor and the creditor, and whether that relationship, defined in terms of control or undue influence, gave the creditor the power to have its debts repaid.... [T]he relationship and power must be *more than* the debtor-creditor relationship itself.").

The case law on the question of whether a creditor with a status not specifically identified in § 101(31) is an insider can be classified into two groups: (1) those cases that involve a business or commercial relationship; and (2) those that involve a personal or pseudo-familial relationship. In pseudo-familial insider cases, courts have determined that a creditor is an insider where the relationship is analogous to a family one. For example, courts have found an insider relationship to exist where the debtor and the creditor lived together in a homosexual relationship intended to "approximate a marital situation," *Wiswall v. Tanner (In re Tanner)*, 145 B.R. 672, 678 (Bankr.W.D.Wash.1992); where the debtor and the creditor were married for 20 years, had three children, and had frequent contact after their divorce, *Browning Interests v. Allison (In re Holloway)*, 955 F.2d 1008 (5th Cir.1992); where the debtor and the creditor had lived together for four years and each had authority to write checks on each other's account, *Walsh v. Dutil (In re Demko)*, 264 B.R. 404 (Bankr.W.D.Pa.2001); where the debtor and the creditor had lived together for several years in a romantic relationship and the unemployed debtor relied upon the defendant for financial support, *Gennet v. Docktor (In re Levy)*, 185 B.R. 378 (Bankr.S.D.Fla.1995); and where

898

the creditors were parents of the debtor's live-in girlfriend of five years and the debtor held them out to be relatives in a real estate deed, *Loftis v. Minar (In re Montanino)*, 15 B.R. 307 (Bankr.D.N.J.1981).

But courts have declined to find an insider relationship solely on the basis of friendship. *Pfeiffer v. Thomas (In re Reinbold)*, 182 B.R. 244, 246 (D.S.D.1995) ("[C]ase law demonstrates that friendship alone is insufficient to confer insider status—a *de facto* or *de jure* family relationship is required."); *Yoppolo v. Lindecamp (In re Fox)*, 277 B.R. 740, 745 (Bankr. N.D.Ohio 2002) ("[M]ere existence of a friendship will not result in the creation of an 'insider' relationship."). While some courts have found a creditor to be an insider where there is a friendship between the debtor and the creditor, the circumstances of the cases illustrate that friendship is only one of many factors considered that support the finding of insider status. *See Schreiber v. Stephenson (In re Emerson)*, 244 B.R. 1 (Bankr.D.N.H.1999); *Castellani v. Kohne (In re Kucharek)*, 79 B.R. 393 (Bankr.E.D.Wis.1987).

Thus, where insider status is based on a pseudo-familial relationship, the Court's task is to distinguish between friendship alone, which does not give rise to insider treatment, and a *de facto* family relationship, which does. Moreover, because § 101(31) specifically makes a *relative* an insider, a relationship properly gives rise to an insider status only if the *de facto* family relationship is as close as the *de jure* relationship specified by the definition of "relative" in § 101(45), that is, an individual related by consanguinity or affinity within the third degree. The question is one of fact.

It is undisputed that the Debtor was a housemate of the Defendant and his wife for three years. During this time Defendant made various undocumented loans totaling $17,000 without collateral to assist the Debtor who had financial problems. Defendant demanded and received payment. Although these facts do not show characteristics of the relationship such as romantic involvement, cohabitation (in the family law sense), or other conduct approximating pseudo-family situations like those in the cases cited above, they do establish four of the circumstances identified in *Schreiber v. Stephenson (In re Emerson)*, 235 B.R. 702, 707 (Bankr.D.N.H. 1999), that are properly considered in determining whether a creditor is an insider: (1) there were several loans; (2) they were not in writing; (3) they were unsecured; and (4) the Defendant knew the Debtor was in some degree of financial difficulty.

Nevertheless, these undisputed facts alone do not necessarily establish a *de facto* family relationship that makes the creditor an insider because they are also consistent with loans between friends. Rather, it is the inferences to be drawn by weighing these undisputed facts, not the facts themselves, that determine the ultimate issue.

The circumstances here bear on things such as the degree of trust between the parties, the closeness of their relationship, and the seriousness of their intent to establish a debtor-creditor relationship with a reasonable expectation of payment. After hearing evidence at trial and evaluating the demeanor and credibility of witnesses, the Court by weighing all the circumstances could draw inferences that the Defendant's reasons for making the loans and the Debtor's reasons for paying him are substantially the same as those that would motivate *de jure* relatives. Based on such inferences, the Court could determine that the loans and payments must be attributable to a *de facto* family relationship that goes beyond friendship.

On a motion for summary judgment, the Court must view the evidence and draw inferences from the facts in favor of the non-moving party. Because the undisputed facts shown here are also consistent with mere friendship, the Court cannot make inferences to conclude that they establish, as a matter of law, that Defendant was a *de facto* relative with insider status under § 101(31). Thus, the Trustee's motion for summary judgment must be denied.

The Trustee has cited *Gordon v. Marcinek (In re Marcinek)*, Adv. Proc. No. 03–6401 (Bankr.N.D.Ga. Oct. 4, 2004) (Murphy, J.), an unpublished opinion that granted summary judgment against a defendant based on a similar record. Although *Marcinek* supports the Trustee's position, the analysis above persuades the Court that a determination of whether a creditor has insider status as a *de facto* relative is intensively fact-specific, that the Court must determine the ultimate issue by weighing the unique facts and circumstances before it, and that summary judgment is not the appropriate way to do so. Accordingly, it is

**ORDERED** that the Trustee's motion for summary judgment is **DENIED.**

The Clerk is directed to serve copies of this Order on the persons on the attached Distribution List.