In re Richie Adele TANKERSLEY,
Debtor.

David C. Seitter, Chapter
7 Trustee, Plaintiff,

v.

Anne Wedow, Defendant.

Bankruptcy No. 05–26151.
Adversary No. 07–06111.

United States Bankruptcy Court,
D. Kansas.

Feb. 13, 2008.

Adam M. Laboda, Spencer Fane Britt & Browne LLP, Kansas City, MO, for Plaintiff.

Karen K. Howard, Kansas City, MO, for Defendant.

## ORDER GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT

ROBERT D. BERGER, Bankruptcy Judge.

The parties have filed cross-motions for summary judgment.[1] The Trustee sued defendant Anne Wedow to avoid preferential transfers and to recover their value under 11 U.S.C. §§ 547 and 550.[2] The

Trustee alleges Wedow is an insider and subject to a one-year look back for preferential transfers. Wedow denies she is an insider. This matter constitutes a core proceeding over which this Court has jurisdiction.[3] There being no genuine issue of material fact, the Court grants Wedow's motion and denies the Trustee's motion.

### Findings of Fact

Debtor Richie Adele Tankersley filed for Chapter 7 bankruptcy relief on October 13, 2005. Wedow and Tankersley are friends. Pre-petition, Wedow paid some mortgage payments on Tankersley's home when Tankersley was threatened with foreclosure. In total, Wedow paid $21,000 toward Tankersley's mortgage. On October 18, 2004, Tankersley repaid Wedow $5,000. On April 4, 2005, Tankersley repaid Wedow $4,000. As of the petition date, Tankersley still owed Wedow $12,000. In preparing her bankruptcy schedules, Tankersley listed Wedow as an insider on her statement of financial affairs.

Wedow and Tankersley do not appear to be especially close friends. Tankersley has never been to Wedow's home. The parties dispute the amount of contact between the friends, but the dispute is immaterial. At best, the women spoke to each other by telephone every few weeks and saw each other every four to six weeks. Tankersley averred she only saw Wedow every two to three months. The dispute is immaterial because under either case Tankersley's contact with Wedow was sporadic and does not show an extremely close relationship.

---

1. Defendant's Motion for Summary Judgment, Doc. No. 34, and Trustee's Motion for Summary Judgment, Doc. No. 37.

2. The Debtor filed her petition before the provisions of the Bankruptcy Abuse Prevention

Consumer Protection Act of 2005 ("BAPCPA") became effective. All Code references are to the pre-BAPCPA Code.

3. 28 U.S.C. § 157(b)(2)(F); 28 U.S.C. § 1334.

## Conclusions of Law

### A. Summary Judgment Standard

Summary judgment is appropriate if the moving party demonstrates there is no genuine issue as to any material fact, and he is entitled to judgment as a matter of law.[4] A movant who does not bear the ultimate burden of persuasion at trial must demonstrate to the court a lack of evidence from the other party on an essential element of that party's claim.[5] If the movant meets this burden, the nonmovant who would bear the burden of persuasion at trial must go beyond the pleadings and set forth specific facts which would allow the court to find for the nonmovant.[6]

Cross-motions for summary judgment allow the Court to assume the only evidence to be considered has been submitted with the pleadings. However, cross motions are to be considered independently, and summary judgment is not appropriate if disputes remain as to any material fact.[7] When the matter would be tried before the court as opposed to a jury, the court resolves any conflicting inferences drawn from undisputed evidentiary facts. All inferences are to be construed in favor of the non-moving party.[8] Only when reasonable minds could not differ as to the import of the proffered evidence is summary judgment proper.[9]

### B. Preferential Transfers

▮▮▮ To prevail on a § 547 claim against an alleged insider, the Trustee must prove the transfer was (1) for the benefit of the creditor; (2) for an antecedent debt owed before the date of the transfer; (3) made while the debtor was insolvent; (4) made between 90 days and one year before the bankruptcy filing; and (5) enabled the creditor to receive more than it would have received under a Chapter 7 if the transfer had not been made. The Trustee must prove all these elements by the preponderance of the evidence.[10] The only controverted element to be decided in this case is whether Wedow was an insider.

▮▮▮ A *per se* insider of an individual debtor includes relatives, general partners, a partnership in which the debtor is a general partner, a general partner of the debtor, or a corporation of which the debtor is a director, officer, or person in control.[11] A trustee may establish *per se* insider status by showing the defendant has a relationship with the debtor listed in the statute. However, the statutory definition is not exhaustive. A defendant who does not have a *per se* insider relationship with the debtor may still be treated as an insider upon the trustee showing the defendant had a sufficiently close relationship with the debtor so that his conduct is subject to closer scrutiny than those dealing at arm's length with the debtor.[12] To identify an insider is to identify people or entities with high potential to gain advantage through their relationship with the debtor. The

---

4. Fed. R. Bankr.P. 7056.

5. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

6. *Id., citing* Fed.R.Civ.P. 56(e).

7. *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir.2000).

8. *Id.*

9. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–51, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

10. *In re Robinson Bros. Drilling, Inc.*, 6 F.3d 701, 703 (10th Cir.1993).

11. 11 U.S.C. § 101(31).

12. *In re Kunz*, 489 F.3d 1072, 1079 (10th Cir.2007).

insider's control or influence over the debtor may be attributable to affinity rather than to the course of business dealings between the parties.[13] Thus, the inquiry is not whether the debtor had influence over the defendant to obtain a more favorable loan, the inquiry's focus is the defendant's influence, through her relationship with the debtor, to obtain more favorable repayment of the debt at the expense of the debtor's other creditors.[14] The former is the debtor taking advantage. The latter is an insider taking advantage, which is what § 547 is meant to remedy.

■ The Trustee's evidence does not sustain his burden of proof. The Trustee has shown Tankersley listed Wedow as an insider on her statement of financial affairs. However, the fact Tankersley listed Wedow as an insider is more for the debtor's own protection rather than being dispositive of the issue. Of course, the designation in Tankersley's pleading raised a red flag the Trustee had to pursue; yet, the Trustee needed to investigate the transfers further and show Wedow received preferential repayment terms over Tankersley's other creditors. Wedow and Tankersley were social acquaintances. Tankersley obtained a $21,000 loan from Wedow in order for Tankersley to keep her home out of foreclosure. Tankersley never repaid $12,000 of the $21,000 loan. The two payments Wedow received were paid within one year and six months before the bankruptcy, respectively. Significantly, Wedow never had Tankersley into her home. Their contact was sporadic and did not exhibit an affinity which would single-out Wedow for closer scrutiny. But for Tankersley's designation in her statement of financial affairs, there is no evidence of an insider relationship as the term is intended in § 547. The Court finds Wedow did not cross the threshold from friend to insider under § 547 just as Tankersley never crossed the threshold into Wedow's home.

The facts presented do not prove Tankersley treated Wedow differently from any of her other creditors. While the facts tend to show one friend took advantage of the other, Tankersley appears to be the friend who received preferential treatment, not Wedow. Although the Trustee filed his own motion for summary judgment, in his response to Wedow's motion, the Trustee claims summary judgment is inappropriate, and "the Trustee can elicit additional testimony at trial which would further support a finding that [Wedow] is an insider of [Tankersley]."[15] The Trustee has not requested a continuance of the summary judgment motions in order to conduct discovery as provided by Fed. R.Civ.P. 56(f) as incorporated into Fed. R. Bank. P. 7056. The Trustee has not demonstrated a genuine issue of material fact. Accordingly, the Trustee's claim fails.

## C. Conclusion

For the foregoing reasons, Wedow's Motion for Summary Judgment is GRANTED. The Trustee's Motion for Summary Judgment is DENIED.

IT IS SO ORDERED.

**13.** *Id.*

**14.** *Yoppolo v. Lindecamp (In re Fox),* 277 B.R. 740, 745 (Bankr.N.D.Ohio 2002); *Damir v. Trans–Pacific Nat'l Bank (In re Kong),* 196 B.R. 167, 171 (N.D.Cal.1996).

**15.** Memorandum in Opposition to Defendant's Motion for Summary Judgment, Doc. No. 44 at 7.